ORIGINAL

**SEALED**
BY ORDER OF THE COURT

JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Mar 17, 2021, 4:27 pm
Michelle Rynne, Clerk of Court

CRAIG S. NOLAN
MICHAEL NAMMAR
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Fax: (808) 541-2958
E-Mail: Craig.Nolan@usdoj.gov
        Michael.Nammar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 21-00038 JMS |
| | ) | |
| Plaintiff, | ) | INDICTMENT |
| | ) | |
| vs. | ) | [18 U.S.C. §§ 1343 and 1346] |
| | ) | |
| JENNIE JAVONILLO, | ) | |
| | ) | |
| Defendant. | ) | |

INDICTMENT

The Grand Jury charges:

<u>Counts 1 - 3</u>
Honest Services Wire Fraud
(18 U.S.C. §§ 1343 and 1346)

<u>The Scheme to Defraud</u>

1.  In or about and between 2009 and September 2018, both dates being approximate and inclusive, within the District of Hawaii and elsewhere, JENNIE JAVONILLO, the defendant, devised and intended to devise a scheme and artifice to defraud and deprive the citizens of the City and County of Honolulu and its Department of Planning and Permitting ("DPP") of their rights to the honest and faithful services of JAVONILLO, who was then employed by DPP initially as a Clerk and subsequently as a Building Plans Examiner, through bribery and the concealment of material information.

2.  The purpose of the scheme and artifice was for JAVONILLO to secretly use her official position to enrich herself by soliciting and accepting gifts, payments, and other things of value in exchange for her provision of favorable official action to persons who paid her bribes.

3.  The scheme and artifice was carried out by the following manner and means, among others:

    a.  From in or about summer 2016 to in or about September 2018, JAVONILLO solicited and accepted gifts, payments, and other things of value from an architect and third-party reviewer ("Architect 1").

JAVONILLO provided favorable official action on behalf of Architect 1 as requested and as opportunities arose, including expediting the approval of projects submitted for approval to DPP by Architect 1 ahead of projects previously submitted by others.

  b. From in or about 2009 to in or about September 2018, JAVONILLO solicited and accepted gifts, payments, and other things of value from an architectural draftsman ("Draftsman 1"). JAVONILLO provided favorable official action on behalf of Draftsman 1 as requested and as opportunities arose, including logging in Draftsman 1's projects at DPP ahead of other persons' projects and expediting the approval of projects submitted for approval to DPP by Draftsman 1 ahead of projects previously submitted by others.

  c. From in or about 2015 to in or about September 2018, JAVONILLO solicited and accepted gifts, payments, and other things of value from an engineer and third-party reviewer ("Engineer 1"). JAVONILLO provided favorable official action on behalf of Engineer 1 as requested and as opportunities arose, including expediting the approval of projects submitted for approval to DPP by Engineer 1 ahead of projects previously submitted by others.

d. From in or about 2015 to in or about September 2018, JAVONILLO solicited and accepted gifts, payments, and other things of value from an architectural draftsman ("Draftsman 2"). JAVONILLO provided favorable official action on behalf of Draftsman 2 as requested and as opportunities arose, including expediting the approval of projects submitted for approval to DPP by Draftsman 2 ahead of projects previously submitted by others.

e. From in or about 2017 to in or about September 2018, JAVONILLO solicited and accepted gifts, payments, and other things of value from a builder ("Builder 1"). JAVONILLO provided favorable official action on behalf of Builder 1 as requested and as opportunities arose, including expediting the approval of projects submitted for approval to DPP by Builder 1 ahead of projects previously submitted by others

f. JAVONILLO took steps to hide, conceal, and cover up her activity and the nature and scope of her dealings with persons who paid her bribes, including by taking bribes in cash, using cash from bribes to make cash payments at one or more retail stores to pay down store credit card debt, using a personal cell phone for communications with persons who paid her bribes, and meeting with persons who paid her bribes at places other than DPP to carry out the scheme, and by her failure to inform DPP of the

bribes received by her in exchange for her expedited logging-in and expedited approval of projects submitted by persons who paid her bribes.

The Wire Communications

4. On or about the dates stated below, in the District of Hawaii and elsewhere, and for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, JAVONILLO did knowingly transmit, and cause to be transmitted, certain writings, signs, signals, and sounds in interstate commerce, with each such wire communication constituting a separate count of this Indictment:

| COUNT | ON OR ABOUT | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | 10/13/2016 | Email from Defendant to Architect 1 stating, "I guess so" regarding a permit application for a residence on Keanu Street. |
| 2 | 1/12/17 | Email from Defendant to Architect 1 stating, "Probably can approve tomorrow am" regarding a permit application for a residence on North Judd Street. |
| 3 | 8/22/18 | Email from Defendant to Architect 1 stating, "You can pick up the comments" regarding a permit application for a residence on Hollinger Street. |

All in violation of Title 18, United States Code, Sections 1343 and 1346.

Forfeiture Notice

5. The allegations set forth in all paragraphs of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing

forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

6. The United States hereby gives notice to Defendant that, upon conviction of the offenses charged in Counts 1 - 3 of this Indictment, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, constituting, or derived from, proceeds traceable to the violation of Title 18, United States Code, Section 1343, alleged in this Indictment.

7. If by any act or omission of Defendant, any of the property subject to forfeiture described in paragraph 6 herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

//
//
//

the United States of America will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 6, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

DATED: March 17, 2021, Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson

_____
FOREPERSON, GRAND JURY

JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii


CRAIG S. NOLAN
MICHAEL NAMMAR
Assistant U.S. Attorneys

United States v. Jennie Javonillo
Indictment
Cr. No.  21-00038 JMS