AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 1

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN 28 2022
at 11 o'clock and 30 min. A M
CLERK, U.S. District Court

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA
v.
**JENNIE JAVONILLO**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **1:21CR00038-001**
USM Number: **12397-122**

Lars R. Isaacson
Defendant's Attorney

## THE DEFENDANT:

[✔] pleaded guilty to count: 2 of the Indictment.
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1343 and 1346 | Honest Services Wire Fraud Scheme | 01/12/2017 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔] Counts 1 and 3 of the Indictment as to Defendant Jennie Javonillo are dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

June 27, 2022
Date of Imposition of Judgment

Signature of Judicial Officer

**DERRICK K. WATSON**, United States District Judge
Name & Title of Judicial Officer

6/28/22
Date

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT: JENNIE JAVONILLO
CASE NUMBER: 1:21CR00038-001

Judgment - Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: THIRTY (30) MONTHS.

[✔] The court makes the following recommendations to the Bureau of Prisons:
1. Defendant to be placed at Honolulu Federal Detention Center (1st choice) or at a facility located on the West Coast (2nd choice); and
2. Defendant to receive Educational Training.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[✔] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[✔] before 2:00 p.m. on <u>August 8, 2022</u>.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | JENNIE JAVONILLO | Judgment - Page 3 of 7 |
| CASE NUMBER: | 1:21CR00038-001 | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: TWO (2) YEARS.

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

    [✔] The above drug testing condition is suspended, based on the court's determination that you poses a low risk of future substance abuse. *(Check if applicable.)*

4. [ ] You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check if applicable.)*
5. [✔] You must cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable)*
6. [ ] You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location you reside, work, are a , or were convicted of a qualifying offense. *(Check if applicable)*
7. [ ] You must participate in an approved program for domestic violence. *(Check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3A - Supervised Release

DEFENDANT: JENNIE JAVONILLO  
CASE NUMBER: 1:21CR00038-001

Judgment - Page 4 of 7

## STANDARD CONDITIONS OF SUPERVISION

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by the probation officer. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a probation officer's question shall not be considered a violation of this condition.
5. You must live at a place approved by the probation officer. If you plan to change where you live or who lives with you, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time reasonable under the circumstances at your home or elsewhere, and you must permit, to the extent you are able or authorized to do so, the probation officer to take any items prohibited by the conditions of your supervision that the officer observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or if there are substantial changes to your job responsibilities, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. Unless you have received advance permission from the probation officer or the association is required by supervision conditions, you must not voluntarily and intentionally associate with any person you know is engaged in committing a federal, state, or local crime, not including traffic offenses, whether the crime is being committed in or outside of your presence. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, as defined in 18 U.S.C. § 921(a)(4), or dangerous weapon (that is, anything that was designed or was modified for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to an organization or a person relating to your criminal record or personal history or characteristics, the probation officer may require, with the court's approval, that you notify that organization or person (or that person's parent, guardian, caretaker, or other individual responsible for the person's welfare) about the risk, and you must comply with that instruction. The probation officer may contact the organization or person that you were directed to notify and confirm that you notified that organization or person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

### U.S. Probation Office Use Only

A U.S. probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at : www.uscourts.gov.

Defendants Signature _____

Date _____

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3D - Supervised Release

DEFENDANT: JENNIE JAVONILLO  
CASE NUMBER: 1:21CR00038-001  
Judgment - Page 5 of 7

# SPECIAL CONDITIONS OF SUPERVISED RELEASE

1. A fine of $5,000.00 is due. Any unpaid balance is to be paid during the period of supervision in monthly installments of 10% of your gross monthly income, commencing 30 days after the start of supervision. The court may order that this requirement be changed from time to time as your circumstances warrant, but no court order shall be required for your voluntary agreement to pay more than the court-ordered amount. Interest is waived while you are serving any term of imprisonment and shall begin accruing on any remaining balance commencing 30 days after the start of supervision. Payments must be made by payroll deduction, when applicable. You must notify the probation officer of any change in your financial circumstances that affect your ability to pay. Your financial circumstances must be reviewed by the probation officer on at least an annual basis.

2. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

3. You must apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, at the discretion and direction of the court.

4. You must not incur new credit charges, or open additional lines of credit, or apply for any loans without the prior approval of the probation officer. You must not borrow money or take personal loans from any individual without the prior approval of the probation officer.

5. You must maintain a single personal bank account, separate and apart from your spouse, any family members or others, into which all income, financial proceeds, and gains must be deposited and from which all expenses must be paid.

6. You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245 B (Rev. 02/18) Judgment in a Criminal Case
    Sheet 5 - Criminal Monetary Penalties

DEFENDANT: JENNIE JAVONILLO  
CASE NUMBER: 1:21CR00038-001  
Judgment - Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| Totals: | $ 100.00 | $ | $5,000.00 | $ |

[ ] The determination of restitution is deferred until         . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ _ | $ _ | |

[ ] Restitution amount ordered pursuant to plea agreement  $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] the interest requirement is waived for the  [ ] fine  [ ] restitution

    [✔] the interest requirement for the  [✔] fine  [ ] restitution is modified as follows:

    Interest is waived while you are serving any term of imprisonment and shall begin accruing on any remaining balance commencing 30 days after the start of supervision.

\*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22  
\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
    Sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT: JENNIE JAVONILLO | Judgment - Page 7 of 7 |
| CASE NUMBER: 1:21CR00038-001 | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]    Lump sum payment of $ _ due immediately, balance due
                [ ]      not later than _ , or
                [ ]      in accordance    [ ] C,    [ ] D,    [ ] E, or [ ] F below, or

B    [✔]    Payment to begin (may be combined with [ ] C, [ ] D, or [✔] F below); or

C    [ ]    Payment in equal _ *(e.g., weekly, monthly, quarterly)* installments of $ _ over a period of _ *(e.g., months or years)*, to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D    [ ]    Payment in equal _ *(e.g., weekly, monthly, quarterly)* installments of $ _ over a period of _ *(e.g., months or years)*, to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [✔]    Special instructions regarding the payment of criminal monetary penalties:

                 A fine of $5,000.00 is due. Any unpaid balance is to be paid during the period of supervision in monthly installments of 10% of your gross monthly income, commencing 30 days after the start of supervision. The court may order that this requirement be changed from time to time as your circumstances warrant, but no court order shall be required for your voluntary agreement to pay more than the court-ordered amount. Interest is waived while you are serving any term of imprisonment and shall begin accruing on any remaining balance commencing 30 days after the start of supervision. Payments must be made by payroll deduction, when applicable. You must notify the probation officer of any change in your financial circumstances that affect your ability to pay. Your financial circumstances must be reviewed by the probation officer on at least an annual basis.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]      Joint and Several

        Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.

[ ]      The defendant shall pay the cost of prosecution.

[ ]      The defendant shall pay the following court cost(s):

[✔]      The defendant shall forfeit the defendant's interest in the following property to the United States: Forfeiture Money Judgment in the amount of $58,000.00.