IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| UNITED STATES OF AMERICA, Plaintiff, v. JENNIE JAVONILLO, Defendant. | Case No. 21-cr-00038-DKW-1  **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**[1] |
|---|---|

Roughly 14 months after being sentenced for honest services wire fraud, Defendant Jennie Javonillo moves for compassionate release from her 30-month term of imprisonment, pursuant to 18 U.S.C. Section 3582(c)(1)(A). Javonillo asserts that, after contracting the coronavirus while in custody, she has suffered from, among other things, a lack of smell and breathing problems. Javonillo also contends that future amendments to the U.S. Sentencing Guidelines may result in her sentence being reduced.

The Court disagrees that any of the foregoing, whether together or standing alone, constitute extraordinary and compelling reasons for reducing Javonillo's sentence. First, the Court was well aware of Javonillo's age and medical

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide this matter without a hearing.

conditions when she was sentenced just over a year ago. Second, Javonillo offers no evidence that these conditions were exacerbated by the coronavirus, have changed in any material way whether or not from the coronavirus, or that they are not being properly managed by the Bureau of Prisons (BOP). Third, the evidence shows that, while Javonillo contracted the coronavirus in November 2022, her symptoms were mild, and she has now recovered. Finally, the purported amendments to the U.S. Sentencing Guidelines on which Javonillo relies do not go into effect, if at all, until November 1, 2023—more than two months away. Therefore, as more fully discussed below, the motion for compassionate release, Dkt. No. 35, is DENIED.

## RELEVANT BACKGROUND

On June 27, 2022, Javonillo was sentenced to 30 months' imprisonment after pleading guilty to honest services wire fraud. Dkt. Nos. 31-32. In doing so, Javonillo admitted to engaging in a scheme to use her official position as a clerk at the Department of Planning and Permitting for the City and County of Honolulu to enrich herself by taking bribes in exchange for official actions. Memo. of Plea Agmt. at ¶ 8(a), Dkt. No. 17. At sentencing, in weighing mitigating and aggravating factors to arrive at a reasonable sentence that was sufficient but not greater than necessary, the Court acknowledged that Javonillo's age and medical

conditions constituted mitigating circumstances. Sent. Tr. at 15:21-24, Dkt. No. 34. Nonetheless, particularly in light of Javonillo's abuse of her public position, the Court sentenced her to a sentence at the low-end of the guideline imprisonment range of 30-37 months, rather than a probationary sentence as requested by her counsel. *Id*. at 10:12-16, 16:7-17:16.

On July 17, 2023, Javonillo filed the instant motion for compassionate release ("motion"). Dkt. No. 35. On July 31, 2023, the government filed a response in opposition to the motion, Dkt. No. 37, and Javonillo has filed a reply, Dkt. No. 41. This Order now follows.

## LEGAL STANDARD

Pursuant to Section 3582(c), a court may not modify a term of imprisonment, except, as pertinent here, when: (1) the defendant exhausts administrative rights to the extent set forth in the statute;[2] (2) the Court considers the factors set forth in 18 U.S.C. Section 3553(a); and (3) the Court finds "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).[3]

---

[2] The government does not dispute that Javonillo exhausted her administrative remedies with respect to the instant motion. Dkt. No. 37 at 7-8. Therefore, the Court does not further address exhaustion herein.
[3] The statute also requires that a sentence reduction be "consistent with applicable policy statements" of the U.S. Sentencing Commission, but the Ninth Circuit has concluded that an "applicable" policy statement does not currently exist for motions brought by a defendant under

3

## **DISCUSSION**

Here, the Court does not find that extraordinary and compelling circumstances exist for reducing Javonillo's sentence.[4]  Primarily, as extraordinary and compelling circumstances, Javonillo relies upon her having contracted the coronavirus in November 2022 in the context of her age and pre-existing medical conditions.  As mentioned earlier, Javonillo's age and medical conditions, including her breathing problems, were known and considered by the Court at sentencing.  Perhaps more importantly, despite Javonillo's arguments to the contrary, there is no evidence in her medical records that those conditions were exacerbated by the coronavirus.  Rather, as Javonillo acknowledges, to the extent she contends that her breathing problems have become worse, this is due to her pre-existing asthma.  *See* Dkt. No. 41 at 2 ("my asthma has caused me breathing problems…."); Dkt. No. 40 at 2 (Javonillo complaining about wheezing occurring once in two weeks due to asthma that worsens with changing seasons).  There is also no evidence that the BOP has not been able to properly manage Javonillo's medical conditions.  Rather, the evidence shows the opposite.  *See* Dkt. No. 40 at

---

Section 3582(c)(1)(A).  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  Instead, the Sentencing Commission's statements "may inform a district court's discretion" in addressing motions brought under Section 3582(c)(1)(A).  *Id*.

[4] It is, therefore, unnecessary to (and the Court does not) analyze whether the Section 3553(a) factors support a reduction in Javonillo's sentence.

2-4 (prescribing inhalers and medication to address Javonillo's complaints of wheezing). As for the coronavirus, the medical records show that, while Javonillo contracted the illness on November 16, 2022, she received regular medical screenings thereafter that revealed only mild symptoms, such as slightly below normal oxygen saturation, and the BOP determined the illness had been "resolved" by November 28, 2022. *See* Dkt. No. 35-4 at 37-43, 49. After November 28, 2022, Javonillo's medical records show that she denied having shortness of breath in December 2022 and January 2023. *See* Dkt. No. 40 at 6, 9.[5]

In this light, the Court does not find that the coronavirus alters the matrix of information considered at sentencing and, thus, does not find that it, in combination with Javonillo's age and medical conditions, constitutes extraordinary and compelling reasons for reducing her sentence.

This leaves Javonillo's reliance on purported amendments to the U.S. Sentencing Guidelines. Those amendments, however, are not *currently* effective. *See* 88 Fed. Reg. 28254, 28270 (setting, "[a]bsent action of the Congress to the contrary," an effective date of November 1, 2023 for certain amendments to the

---

[5] The Court also notes that, as of the date of this Order, the BOP reports no active coronavirus cases at Javonillo's place of incarceration (FCI Victorville Medium II). *See* https://www.bop.gov/coronavirus/covid19_statistics.html (last visited August 25, 2023). In addition, in August 2022, approximately three months before contracting the coronavirus, Javonillo declined to take a booster vaccine that was offered to her by the BOP. *See* Dkt. No. 35-4 at 53.

Sentencing Guidelines). Moreover, they may never go into effect or they could be amended by Congressional action and go into effect in a form different from that proposed. *See id*. Therefore, the Court does not find anything extraordinary and compelling in the existence of these proposed amendments and declines to rely on what may never become law.

## CONCLUSION

For the reasons set forth herein, Javonillo's motion for compassionate release, Dkt. No. 35, is DENIED.

IT IS SO ORDERED.

DATED: August 25, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge